UNITED STATES DISTRICT COURT
MIDDLE DISTRIC OF FLORIDA
TAMPA DIVISION

SOPHIA BOOKER,

    Plaintiff,

v.                                                Case No. 8:20-cv-00959-T-02CPT

PLAIN GREEN, LLC, and
HARLAN GOPHER BAKER,

    Defendants.
_____/

## ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

This matter comes before the Court upon Plaintiff's motion for remand, asserting lack of subject matter jurisdiction. Doc. 9. After review of Defendant's response, Doc. 15, the Court remands the case to the jurisdiction from which it came, the small claims division of Hillsborough County Court.

The Court notes that this is yet another tribal predatory lending case, in which the most vulnerable and unsophisticated of consumers is induced to incur predatory internet payday loans, at shocking interest rates, (here alleged, over 378%) by an entity designed to circumvent usury laws through a

purported Indian tribal[1] affiliation.  As the U.S. Court of Appeals for the Second Circuit recently held about defendant Plain Green:

> Plain Green is a payday lending entity cleverly designed to enable[] Defendants to skirt federal and state consumer protection laws under the cloak of tribal immunity.  That immunity is a shield, however, not a sword . . . Tribes and their officers are not free to operate outside of Indian lands without conforming their conduct in these areas to federal and state law.

*Gingras v. Think Finance, Inc.,* 922 F.3d 112, 128 (2d Cir. 2019).  "Courts across the country have confronted transparent attempts to deploy tribal sovereign immunity to skirt state and federal consumer protection laws."  *Id.* at 126 (citing *Michigan v. Bay Mills Indian Community,* 572 U.S. 782, 825 (2014) (Scalia, J., dissenting)).

Because the removal by Defendants was without merit, the Court need not belabor the matter.  Plaintiff filed the operative amended complaint in Hillsborough County Court, small claims division.  It sought no more than $8000, solely under Florida consumer causes of action.  The well-pled complaint listed no federal claims or federal causes of action.  Doc. 1-1.

Defendants removed pursuant to "federal question jurisdiction."  28 U.S.C. 1441(a).   The grounds for removal was "the federal doctrine of tribal sovereign immunity."  Doc. 1 at 2.  The notice of removal stated the defendants were affiliated with a recognized Native American tribe, and

---

[1] The relevant tribe in this matter is the Chippewa Cree Tribe of Rocky Boy's Indian Reservations, Montana.  Doc.1-1 at 2.

"federal question" removal was appropriate because "Plaintiff's claims thus turn on a substantial, disputed question of federal law." *Id.*

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal subject matter jurisdiction cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts.  Indeed, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

"The Supreme Court has singled out tribal sovereign immunity as a type of federal defense that 'does not convert a suit otherwise arising under state law into one which, in the [§ 1331] sense, arises under federal law.'" *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 948 (10th Cir. 2014) (citing *Oklahoma Tax Commission v. Graham*, 489 U.S. 838, 841 (1989)).  "[T]ribal immunity may provide a federal defense to [the plaintiff's] claims . . . [b]ut it has long been settled that the existence of a federal immunity to the claims asserted . . . does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law." *Graham* 489 U.S. at 841.  *See also Merrell Dow Pharm. Inc. v.*

*Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

Accordingly the case is remanded back to county court, for lack of subject matter jurisdiction. The Plaintiff may apply for fees and costs pursuant to 28 U.S.C. 1447(c), itemizing same. Any response is due 14 days thereafter.

**DONE AND ORDERED** at Tampa, Florida, on June 9, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record